UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. LANDON,

    Plaintiff,                                           Case No.: 8:15-cv-02272-CEH-JSS

vs.

CITY OF NORTH PORT,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK J. LANDON, by and through his undersigned attorney, sues Defendant, CITY OF NORTH PORT and states:

### JURISDICTION AND VENUE

1. This is a civil rights action for relief (1) under 42 U.S.C. § 1983 and § 1988 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and (2) for violation of Florida law. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343(a) (civil rights), and § 1367(a) (supplemental).

2. At all times material hereto, the Plaintiff MARK J. LANDON was a resident of Sarasota County.

3. At all times material hereto, Defendant, CITY OF NORTH PORT, was and is a municipality in Sarasota County, Florida.

4. Plaintiff has complied with the conditions precedent pursuant to the provisions of Florida Statute § 768.28 as required for the state law claim, Count III,

provided herein.[1]

5. Plaintiff requests this Court stay the state law count, Count III, until either the date that the claim is denied by the appropriate agency or the statutory six-month notice period expires, whichever occurs first.

6. All conditions precedent to the bringing of this federal court action have been met.

7. At all times material hereto, Defendant, KEVIN VESPIA, was and is the Chief of Police of the City of North Port Police Department in Sarasota County, Florida.

8. At all material times hereto, KEITH BUSH, was a K-9 Unit Officer of the City of North Port Police Department in Sarasota County, Florida.

9. At all times material hereto, KEITH BUSH was K-9 Tomy's handler.

10. On information and belief, K-9 Tomy is a Belgian Malinois with titanium teeth that has a 90 percent "bite ratio" (i.e., Tomy bites subjects during 90 percent of his deployments).

11. At all material times, KEITH BUSH was acting in the course and scope of his employment and under color of law.

12. At all material times, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 were Police Officers of the City of North Port Police Department in Sarasota County, Florida.

13. At all material times, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, were acting in the course and scope of their employment and under color of law.

---

[1] Notice was properly given pursuant to § 768.28 on September 15, 2015; however, as of the date of filing this Complaint, the claim has not been denied nor has six months elapsed from the date of the notice. Notwithstanding, Plaintiff requests this court stay Count III and allow the §1983 counts to continue as the primary basis of liability stems from the § 1983 counts.

14. Venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b) and Middle District of Florida Local Rule 1.02(b)(4) because, among other things, a substantial part of the events or omissions giving rise to this action occurred in Sarasota County, Florida.

**STATEMENT OF FACTS**

15. On or about July 20, 2014, MARK J. LANDON was at his mother's residence located at 4232 Renova Ave, North Port FL 34286.

16. On or about 8:00 PM on July 20, 2014, MARK J. LANDON cut his writs in the garage of his mother's residence and then proceeded to the backyard of the residence.

17. At approximately 8:00 PM on July 20, 2014, MARK J. LANDON's mother called 911 after witnessing her son in her back yard bleeding from the cuts on his wrists (the "Incident").

18. In response to the 911 call, the CITY OF NORTH PORT dispatched officers, KEITH BUSH, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 to respond to the Incident that had occurred.

19. At the time the officers arrived at the residence to investigate the Incident, MARK J. LANDON was suffering from severe bleeding and was laying in the grass on his back.

20. After arriving at the residence in response to the Incident, officer, KEITH BUSH approached the back yard of the residence to investigate MARK J. LANDON's injuries along with police dog, K-9 Tomy, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3.

21. Mark Landon's mother requested to accompany the officers to the backyard; however, she was told to stay in her residence.

22. At no time during the investigation that occurred in response to the Incident, did the officers have reasonable suspicion or probable cause to believe that MARK J. LANDON had committed a crime.

23. Further, at no time during the investigation that occurred in response to the Incident, did the officers have a reasonable belief that they were in danger of being harmed.

24. However, upon allegedly not being able to visibly see MARK J. LANDON in the back yard of the residence, Officer KIETH BUSH deployed K-9 Tomy to bite MARK J. LANDON.

25. Officer KEITH BUSH either released K-9 Tomy with the instruction to bite MARK J. LANDON or knew that upon release, K-9 Tomy would bite MARK J. LANDON.

26. Officer KEITH BUSH gave K-9 Tomy the release command even though MARK J. LANDON was not a suspect of a crime, not resisting a police investigation, and not even capable of responding to an officer's commands.

27. At the time KEITH BUSH released K-9 Tomy, MARK J. LANDON was in need of immediate medical attention for the injuries on his writs.

28. K-9 Tomy bit down on the right side of MARK J. LANDON's body while he lay on the grass bleeding.

29. K-9 Tomy's bite caused significant lacerations to MARK J. LANDON's body.

30. JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 were present during the release of K-9 Tomy on MARK J. LANDON but did not intervene to prevent or stop K-9 Tomy from biting MARK J. LANDON.

31. After K-9 Tomy bit and severely injured MARK J. LANDON, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 along with KEITH BUSH surrounded MARK J. LANDON and at least one officer continued to point a Taser gun at MARK J. LANDON while he lay bleeding unconscious on the grass.

32. MARK J. LANDON was air lifted to the hospital for treatment of both the injuries on his wrists as well as the injuries caused by the dog bite.

33. After being treated for injuries at the hospital relating to the dog bite, MARK J. LANDON's wound, located in his abdomen became infected.

34. Due to the infection of the dog bite wound on MARK J. LANDON's abdomen, he was forced to undergo months of medical treatment.

35. As a result of K-9 Tomy's bite, MARK J. LANDON suffered extensive physical, mental, and emotional injuries.

36. As a result of the treatment required for the injury sustained by K-9 Tomy's bite, MARK J. LANDON was out of work and unable to earn wages for seven months.

37. The injuries resulting from K-9 Tomy's bite have affected MARK J. LANDON's ability to continue employment at his current job.

38. MARK J. LANDON was never arrested or charged with a crime relating to the facts alleged in the aforementioned paragraphs.

## COUNT I – § 1983 CLAIM FOR FAILURE TO TRAIN OR SUPERVISE

39. Plaintiff re-alleges paragraphs 1-38 above and further alleges:

40. This claim is brought against CITY OF NORTH PORT for deprivation of MARK J. LANDON's constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983.

41. CITY OF NORTH PORT failed to adequately train or supervise KEITH BUSH, K-9 Tomy, and other police officers in the handling of K-9s.

42. This failure to train or supervise KEITH BUSH, K-9 Tomy, and other police officers in the handling of K-9s was a city custom or policy. Specifically, CITY OF NORTH PORT has a custom of condoning police brutality inflicted with the aid of K-9s and a history of exonerating officers who use such excessive force.

43. Given this custom, police officers are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive, even when non-police witnesses complain of excessive force.

44. Moreover, a history of widespread prior incidents with K-9s, including KEITH BUSH's and K-9 Tomy's astonishing and alarming 90-percent bite ratio, put the CITY OF NORTH PORT on notice of the need for improved training or supervision of KEITH BUSH, K-9 Tomy, and other officers in the handling of other K-9s.

45. Despite this widespread history of prior incidents, CITY OF NORTH PORT made a deliberate choice to take no action or inadequate action to train and supervise KEITH BUSH, K-9 Tomy, and other officers in the handling of K-9s.

46. This failure to train or supervise amounted to deliberate indifference to the

rights of citizens of CITY OF NORTH PORT, such as MARK J. LANDON who suffered severe injuries caused by Officer KEITH BUSH's use of excessive force in releasing K-9 Tomy on MARK J. LANDON.

47. CITY OF NORTH PORT's policy of failing to train or supervise KEITH BUSH, K-9 Tomy, and other officers in the handling of K-9s was the moving force that caused KEITH BUSH to deprive MARK J. LANDON of constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983.

48. As a direct and proximate result, MARK J. LANDON suffered serious and permanent physical, mental, and emotional injuries, which require medical treatment.

49. Additionally, MARK J. LANDON will suffer loss of future earning capacity because of the permanent nature of these injuries and the necessity for remedial medical care.

WHEREFORE, Plaintiff demands compensatory damages, costs, and attorney fees.

## COUNT II – FAILURE TO DISCIPLINE

50. Plaintiff re-alleges paragraphs 1-38 above and further alleges:

51. This count is brought against CITY OF NORTH PORT for deprivation of MARK J. LANDON's constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983.

52. On July 20, 2014, Officer KEITH BUSH used excessive force against the MARK J. LANDON by giving a release and bite command to police dog K-9 Tomy while MARK J. LANDON was laying in the grass severely bleeding.

53. KEITH BUSH commanded K-9 Tomy to bite MARK J. LANDON.

54. As a direct and proximate result, MARK J. LANDON suffered serious and permanent physical, mental, and emotional injuries, which require medical treatment.

55. Additionally, MARK J. LANDON will suffer loss of future earning capacity because of the permanent nature of these injuries and the necessity for remedial medical care.

56. During the time that KEITH BUSH commanded K-9 Tomy to bite MARK J. LANDON and after the bite occurred, officers JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 did not seek to intervene or stop the excessive force deployed by KEITH BUSH.

57. Officers KEITH BUSH, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 were acting under the color of state law as they were on duty police officers investigating the Incident.

58. Because the excessive force utilized by officer KEITH BUSH, Plaintiff was deprived of constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983.

59. The CITY OF NORTH PORT had in place during said event, a policy and custom of condoning and failing to discipline Officer KEITH BUSH and other officers within the canine unit in using excessive force by instructing their K-9s to bite individuals such that they ratified a custom that is unconstitutional.

60. The CITY OF NORTH PORT failed to discipline Officer KEITH BUSH for multiple incidents of excessive force used by him prior to the occurrence of the allegations in this Complaint.

61. CITY OF NORTH PORT's custom of condoning and failing to discipline canine officers for using excessive force caused MARK J. LANDON to become severely injured as a result of K-9 Tomy's bite.

WHEREFORE, Plaintiff demands compensatory damages, costs, and attorney fees.

### COUNT III – BATTERY – CITY OF NORTH PORT

62. Plaintiff re-alleges paragraphs 1-38 above and further alleges:

63. This claim is brought against CITY OF NORTH PORT for battery in violation of Florida law.

64. KEITH BUSH intentionally battered, touched, struck, and utilized excessive force against MARK J. LANDON, without his consent and against his will, when he released K-9 Tomy with the instruction to bite or the knowledge that K-9 Tomy would bite MARK J. LANDON.

65. CITY OF NORTH PORT, through its police officer, KEITH BUSH, intentionally battered, touched, struck, and utilized excessive force against MARK J. LANDON, without his consent and against his will, when KEITH BUSH intentionally released K-9 Tomy to bite or with knowledge that K-9 Tomy would bite MARK J. LANDON.

66. KEITH BUSH, acted in bad faith and/or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property when he intentionally utilized K-9 Tomy to bite and attack MARK J. LANDON causing harmful and offensive contact.

67. CITY OF NORTH PORT is vicariously liable for the tortious acts of

KEITH BUSH, which were committed within the scope and furtherance of his employment.

68. As a direct and proximate result, MARK J. LANDON suffered serious and permanent physical, mental, and emotional injuries, which require medical treatment.

69. Additionally, MARK J. LANDON will suffer loss of future earning capacity because of the permanent nature of these injuries and the necessity for remedial medical care.

WHEREFORE, Plaintiff demands compensatory damages, costs, and attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts.

**MORAN, SANCHY & ASSOCIATES**
2197 Ringling Blvd.
Sarasota, FL 34237
Tel: 941-366-1800
Fax: 941-954-7101

_____
**JEROME J. SANCHY**
Florida Bar No. 240397
**DON R. CAHALL – Trial Counsel**
Florida Bar No. 110578
donrcahall@gmail.com
moransanchylaw@gmail.com
Attorneys for Defendant