UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. LANDON,

    Plaintiff,

v.                                      Case No: 8:15-cv-02272-CEH-JSS

CITY OF NORTH PORT,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS MATTER is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 17) ("Motion"). A hearing was held on this matter on January 14, 2016. Upon consideration, and for the reasons stated below and at the hearing, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff seeks relief under 42 U.S.C. § 1983 to remedy the alleged deprivation, under color of state law, of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and under Florida law for alleged battery. Plaintiff alleges that he cut his wrists while at his mother's residence, and his mother called 911 after she saw Plaintiff bleeding in the backyard. (Dkt. 12 ¶¶ 16-17.) Defendant dispatched four officers to the scene, along with a police dog, K-9 Tomy. (Dkt. 12 ¶¶ 18, 20.) The officers approached the backyard to investigate and, unable to see Plaintiff, deployed K-9 Tomy. (Dkt. 12 ¶¶ 20, 24.) K-9 Tomy bit Plaintiff on his right side. (Dkt. 12 ¶ 28.) Plaintiff was airlifted to the hospital for treatment of his wrists and right side. (Dkt. 12 ¶ 32.) The dog bite resulted in an infection, and Plaintiff alleges he suffered

extensive physical, mental, and emotional injuries.  (Dkt. 12 ¶¶ 33, 35.)  Plaintiff was not arrested or charged with a crime related to the incident.  (Dkt. 12 ¶ 38.)

Defendant filed an Answer and Defenses to Plaintiff's Section 1983 claims and a Motion to Dismiss Plaintiff's state law claim.  (Dkt. 14, 15.)  Plaintiff subsequently filed the instant Motion, moving to strike eight of Defendant's nine affirmative defenses.  (Dkt. 17.)  The only defense that Plaintiff did not move to strike was Defendant's fourth affirmative defense.  At the hearing, Plaintiff withdrew his Motion as to Defendant's sixth affirmative defense.

## APPLICABLE STANDARDS

The court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  When a court evaluates a motion to strike, "the court 'must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.'"  *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-ORL-37, 2013 WL 5970721, at *1 (M.D. Fla. Nov. 8, 2013) (quoting *Fla. Software Sys. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999)).

Motions to strike affirmative defenses are considered a "drastic remedy" and are "generally disfavored by the courts."  *Desilva v. SunTrust Bank*, No. 8:15-CV-1045-T-24, 2015 WL 5638073, at *1 (M.D. Fla. Sept. 23, 2015); *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015).  Therefore, "'[a]n affirmative defense will only be stricken if the defense is insufficient as a matter of law.  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."  *Desilva*, 2015 WL 5638073,

at *1 (quoting *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012)). Thus, an affirmative defense that has no possible relation to the controversy and may cause prejudice to one of the parties may be stricken. *Nobles*, 2015 WL 5098877, at *1.

An affirmative defense must be pled in accordance with Federal Rule of Civil Procedure 8(b), which provides that a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FTM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014).

"Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new allegations showing excuse, justification or some other negating matter. A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-ORL-28, 2015 WL 1524083, at *1 (M.D. Fla. Apr. 2, 2015) (quotations and citations omitted). "The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial." *Muschong*, 2014 WL 1268574, at *3; *see also Nobles*, 2015 WL 5098877, at *1.

**ANALYSIS**

The Court reviewed the parties' briefs and heard extensive arguments at the hearing. At the hearing, Plaintiff requested that certain of Defendant's affirmative defenses be deemed denials. For the reasons stated at the hearing, the Court deems Defendant's second and ninth affirmative defenses to be denials. As to Defendant's first, third, fifth, seventh, and eighth affirmative defenses, the Court finds that these defenses are sufficient to give Plaintiff fair notice of the nature

of the defenses and the grounds upon which the defenses rest. As such, the defenses will not be stricken.

Accordingly, upon consideration, and for the reasons stated at the hearing, it is **ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 17) is **GRANTED in part and DENIED in part**.

**DONE** and **ORDERED** in Tampa, Florida on January 14, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record